## CARLOS ABELARDO DE LA GARZA V. STATE

No. 33,284. May 24, 1961
Motion for Rehearing Overruled June 21, 1961

*Garcia & Warburton* (*O. B. Garcia*, of Counsel) Bronwsville, for appellant.

268

*F. T. Graham,* Criminal District (County) Attorney, by *Joe W. Walsh,* Assistant Criminal District (County) Attorney, Brownsville, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 2 years.

The indictment alleged the nightime burglary of a house belonging to Ramon C. Lopez with the fraudulent intent to take and appropriate personal property in said house belonging to said Ramon C. Lopez.

The evidence shows that a house which Lopez had rented from his mother-in-law, and in which he conducted a business referred to as a "beer garden," was burglarized after the business was closed about 9 o'clock P.M., and some $40 was taken from the locked box of a nickelodeon, juke box or music machine.

Appellant's confession was introduced in which he admitted the burglary and theft and stated that he went to the place with the intention of breaking in and stealing the money from the juke box.

Four grounds for reversal are presented by appellant in his brief.

The first contention is that the confession should not have been admitted because the witness who took it had taken another written statement which he intentionally destroyed.

We are aware of no authority under which this contention can be sustained, and it is overruled.

In his second ground for reversal, appellant contends that the court should have instructed the jury to acquit because of a variance between the allegations and proof, the indictment alleging a burglary with intent to steal property belonging to Ramon C. Lopez, and the evidence showing an intent to steal property belonging to somebody else.

We do not agree that there is a variance. The money which appellant confessed he intended to steal, and did steal, was in

a locked box of the nickelodeon. The nickelodeon belonged to Brownsville Music Company, whose agent had the keys without which Lopez had no access to the money which, under agreement, was to be divided with Lopez every two weeks when the company's agent removed it from the box. Ramon C. Lopez was, however, in possession and control of the house where the company placed the nickelodeon, and the company's agent had no access to the machine or the money while the building was closed.

We find the evidence sufficient to show that Ramon C. Lopez was in possession and control of the money in the nickelodeon at the time of the burglary.

Appellant's third proposition relates to the charge and is predicated upon the theory that there was proof that appellant's intent was to steal property that belonged to someone other than Ramon C. Lopez. Our holding that the money was in the possession and control of the person alleged in the indictment to be the owner thereof disposes of this claim of error.

The remaining ground for reversal is that the state was permitted to prove that the $40 taken from the building was never recovered. We hold that such evidence was admissible as a part of the state's case.

The judgment is affirmed.